**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JOHN K. ZESTOS,

       Plaintiff,                        CASE NO. 09-CV-10644

*v.*                                DISTRICT JUDGE THOMAS L. LUDINGTON
                                           MAGISTRATE JUDGE CHARLES E. BINDER

FIRST MORTGAGE LOAN
SERVICING,

       Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**RECOMMENDING *SUA SPONTE* DISMISSAL**

**I.**      **RECOMMENDATION**

       **IT IS RECOMMENDED** that this case be ***SUA SPONTE* DISMISSED** for lack of subject

matter jurisdiction pursuant to *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999)**.**

**II.**     **REPORT**

       Plaintiff John K. Zestos filed this *pro se* action on February 20, 2009.  By order of U.S.

District Judge Thomas L. Ludington, the case was referred to the undersigned Magistrate Judge

for general pretrial case management on February 24, 2009.

       The authority to screen and *sua sponte* dismiss complaints under 28 U.S.C. § 1915(e)(2)

is limited to those complaints filed *in forma pauperis*.  *Benson v. O'Brian*, 179 F.3d 1014, 1015

(6th Cir. 1999).  Plaintiff in this case paid the filing fee and did not seek *in forma pauperis* status.

"Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been

paid unless the court gives the plaintiff the opportunity to amend the complaint."  *Apple v. Glenn*,

183 F.3d 477, 478 (6th Cir. 1999) (per curiam).  A district court may, however, *sua sponte* dismiss

an action at any time for lack of subject matter jurisdiction when the allegations of a complaint are

"totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to

discussion."  *Id.* at 479.  In such a case, the plaintiff need not be given an opportunity to amend.

*Id.*

> The complaint in this case consists of the following paragraph:
>
> Wrongful foreclosure, there were not standing legal grounds to foreclose plaintiff never borrowed anything from G.M.A.C. Mortgage.  After structures and contents within were damaged by windstorm, 5-23-02, all contents were thrown away.  G.M.A.C. Mortgage bought the servicing of the loan.  When the windstorm damaged the collateral, the value changed to negative.  Collected payments for two years while house sat vacant.  Demolished house but failed to deduct the appraised value of the house.  We are asking this honorable court the [sic] return of our deed to our house and the money that was collected each month while the house was vacant along with whatever this honorable court deems appropriate.

(Compl. at 1.)  Construing the *pro se* complaint liberally, as required by *Haines v. Kerner*, 404

U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972), Plaintiff seeks to overturn a past foreclosure

of a mortgage and asks that the deed to his house and an unspecified amount of money be returned

to him.

I suggest that this case be *sua sponte* dismissed for lack of subject matter jurisdiction as the

complaint is devoid of merit because foreclosure and redemption of real property is a matter of

state law over which this Court has no jurisdiction.  *See* MICH. COMP. LAWS § 125.1448a ("The

circuit court has jurisdiction to foreclose mortgages of real estate . . . ."); MICH. COMP. LAWS §

600.1605 ("The county in which the subject of action . . . is situated, is a proper county in which

to commence and try" an action for "the recovery of real property" and "the foreclosure of all liens

or mortgages on real property . . . ."); MICH. COMP. LAWS § 600.3140 (covering the redemption

of foreclosed property).

Plaintiff's use of the term "wrongful foreclosure" and his assertion that there was "no

standing legal ground to foreclose" clearly indicates that a Michigan court has already entered a

judgment of foreclosure which Plaintiff seeks to have overturned.  This Court has no power to

overturn state court judgments pursuant to the *Rooker-Feldman* doctrine.  The Sixth Circuit has

explained the foundation of the doctrine as follows:

> In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303,
> 75 L. Ed. 2d 206 (1983), the Supreme Court held that federal court review of state
> court proceedings is jurisdictionally limited to the Supreme Court of the United
> States by 28 U.S.C. § 1257.  *See also Patmon v. Michigan Sup. Ct.*, 224 F.3d 504,
> 506 (6th Cir. 2000).  We refer to this doctrine as the *Rooker-Feldman* doctrine.  *See
> also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923).
> The *Feldman* Court stated that "United States District Courts . . . do not have
> jurisdiction . . . over challenges to state court decisions in particular cases arising out
> of judicial proceedings even if those challenges allege that the state court's action
> was unconstitutional.  Review of those decisions may only be had in this Court."
> *Feldman*, 460 U.S. at 486, 103 S. Ct. 1303; *see also Anderson v. Charter Township
> of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001).

*Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002).  The Supreme Court

recently reviewed the doctrine's applicability and stated:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from
> which the doctrine acquired its name: cases brought by state-court losers
> complaining of injuries caused by state-court judgments rendered before the district
> court proceedings commenced and inviting district court review and rejection of
> those judgments.

*Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280, 125 S. Ct. 1517, 1521-22, 161

L. Ed. 2d 454 (2005).  Lower federal courts also lack jurisdiction to review any federal claims that

are "inextricably intertwined" with a state court's decision.  *See Feldman*, 460 U.S. at 486-87.  A

plaintiff's federal claim is inextricably intertwined if the claim can succeed only to the extent that

the state court wrongly decided the issues before it.  *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.

1998) ("'Where federal relief can only be predicated upon a conviction that the state court was

wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'") (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir.1990)).

In this case, in order to grant the relief Plaintiff seeks, this Court would have to alter, amend, or annul the state court's order of foreclosure. In other words, Plaintiffs seek to undo a state court judgment, and as the *Rooker-Feldman* doctrine instructs, the United States Supreme Court is the only federal court with jurisdiction to do so.

Accordingly, I suggest that the complaint is devoid of merit and should be *sua sponte* dismissed.

## III.   **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be

served upon this Magistrate Judge.

                                                    s/ *Charles E Binder*

                                                CHARLES E. BINDER
Dated: March 20, 2009                           United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served on John Zestos by First Class Mail, and served on U.S. District Judge Thomas Ludington in the traditional manner.

Dated:  March 20, 2009                   By____s/Mimi D. Bartkowiak_____
                                         Law Clerk to Magistrate Judge Binder