UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN K. ZESTOS,

        Plaintiff,

                                        Case Number 09-10644

v.                                            Honorable Thomas L. Ludington

FIRST MORTGAGE LOAN SERVICING,

        Defendant.
_____ /

## ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL

On April 13, 2009, the Court directed Plaintiff John K. Zestos, acting pro se, to file an amended complaint or the Court would adopt a report and recommendation to dismiss the complaint with prejudice. Dkt. # 8. After granting several extensions of time, the Court directed Plaintiff to amend the complaint on or before July 6, 2009 or it would dismiss the complaint. On July 8, 2009, the Court entered an order denying an additional request for time and dismissing the complaint for lack of jurisdiction. Dkt. # 14.

Soon thereafter, the Clerk's office docketed three filings: an "amended complaint" filed on July 6, 2009, "request for appointment of counsel," and a second "amended complaint" filed on July 13, 2009. Dkt. # 15-17. Plaintiff's "amended complaint" of July 6 provides as follows:

> We hired attorneys to legally challenge the condemnation of the house, collect replacement coverage, and repair it. They demolished it over our objections and failed to deduct actual cash value. We request full appraisal value plus all of the subsequent payments after May 23, 2002 that Windstrom received.

Dkt. # 15. Plaintiff also attached letters and associated documents with respect to his attempt to retain counsel. As discussed in previous orders, Plaintiff's complaint has not advanced a colorable claim under federal law. While the pleading is entitled "amended complaint," it does not begin to

state a claim under federal law.

The July 15 amended complaint, however, asserts that the Court's subject matter jurisdiction is predicated on the diversity of the parties. *See* 28 U.S.C. § 1332. While the July 13 amended complaint facially establishes diversity jurisdiction, the Court is not inclined to amend its earlier order dismissing the complaint. As discussed in that order, the Court permitted Plaintiff numerous opportunities to amend his complaint. Dkt. # 8, 9, 10. After representing that he would soon submit a proposed amended complaint, the Court provided a deadline to file the complaint. Plaintiff did not file a pleading addressing the jurisdictional issues until July 13, 2009 – after the Court dismissed the complaint for lack of jurisdiction. Plaintiff has not indicated why he delayed in filing an amended complaint or why allegations supporting diversity jurisdiction were unknown to him at an earlier date.[1] Ultimately, Plaintiff did not comply with the Court's order.

In addition, the Court will deny the request for appointment of counsel. In the context of a civil case, the appointment of counsel is not a constitutional right; it is "justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (citations and quotations omitted). Plaintiff has not demonstrated that exceptional circumstances compel the appointment of counsel in this case. Consequently, the appointment of counsel is not warranted in this circumstance.

Accordingly, it is **ORDERED** that Plaintiff's motion for the appointment of counsel [Dkt. # 16] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON

---

[1] Indeed, it appears that Plaintiff was aware of the parties' citizenship. The initial complaint identified Plaintiff's address to be in Michigan and Defendant's address to be in Iowa. *See* dkt. # 1.

United States District Judge

Dated: July 17, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 17, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS